UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK DELBERT RICHARDSON,<br><br>Defendant. | Case No. 1:97-cr-000012-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Mark Delbert Richardson's Motion for Early Termination of Supervised Release (Dkt. 34). Having reviewed the Motion and the Government's Response (Dkt. 35), the Court now issues its decision. For the reasons explained below, the Court will grant the motion.

# BACKGROUND

In 1998, another District Judge in this Court sentenced Mr. Richardson to 300 months of incarceration to be followed by five years of supervised release. In May of 2018, Mr. Richardson was released from prison and placed on supervised release. Mr. Richardson completed the START Court program resulting in his term of supervised release being reduced by 20 months. Thus, as of this writing, Mr. Richardson has completed almost 36 months of his term of supervision and has

less than 11 months left to serve on the court-ordered term of supervised release. He requests early termination of supervised release because he performed well on supervision and so he can "move on with [his] life." Among other things: he graduated from a barbering program and obtained a barber license; has a job; and got married. Mr. Richardson states that he has rebuilt his life in a lawful manner. The United States Probation Officer assigned to this case supports early termination of supervision. However, the Government is opposed.

## ANALYSIS

The Court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after Defendant has served one year of their supervised release. *Id.* In deciding whether to terminate supervision, the courts must review a number of sentencing factors which include:

>  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>  (2) deterrence;
>  (3) protection of the public;
>  (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
>  (5) the sentence and sentencing range established for the category of defendant;
>  (6) any pertinent policy statement by the Sentencing Commission;
>  (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty

>    of similar conduct; and
> (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7); *United States v. Evertson*, No. 4:06-cr-206-BLW, 2011 WL 841056, at *2 (D. Idaho Mar. 7, 2011) (*citing United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir. 2007)). However, in rendering its decision the Court shall simply provide an explanation based on its consideration of such factors. *Emmett*, 749 F.3d 817, at 821-22. The Court need not elaborate unnecessarily. *Id.*

Additionally, the Court should respectfully consider the policy conclusions and recommendations of the Judicial Conference regarding early termination of supervision. *See generally Hollingsworth v. Perry*, 558 U.S. 183, 193 (2010) ("While the policy conclusions of the Judicial Conference may not be binding on the lower courts, they are at the very least entitled to respectful consideration") (internal quotation marks and citation omitted).

Having considered the above factors, as well as the policy recommendations of the Judicial Conference, the Court will grant this motion. The Government's argument that Mr. Richardson has done no more than comply with the conditions of supervised release is simply not accurate. Mr. Richardson has performed extremely well on supervision. Both of his supervising probation officers have indicated their support of his request. They report that he appears to have

completely turned his life around, established positive social relationships, obtained training for a new profession, and fully embraced the purpose of supervised release. Moreover, he now has only 11 months remaining to serve. Simply put, we have achieved everything that we sought to accomplish through supervised release. It is time for Mr. Richardson to move on with his life.

## ORDER

**IT IS ORDERED that** Defendant Mark Delbert Richardson's Motion for Early Termination of Supervised Release (Dkt. 34) is **GRANTED.**

DATED: April 23, 2021

B. Lynn Winmill
U.S. District Court Judge